IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TWO GUYS 1 HOUSE, L.L.C., a domestic for-profit company, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Case No. 23-CV-242-DES |
| SOLID ROCK ROOFING & RENOVATIONS, L.L.C., d/b/a SOLID ROCK CUSTOM HOMES, SOLID ROCK CUSTOMS BULIDS, L.L.C., MATT WAGNER, individually, and DAWN WAGNER, individually, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Solid Rock Custom Builds, L.L.C.'s ("SRCB") Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Docket No. 17). SRCB alleges that Plaintiff has failed to state a claim for relief against it and instead, all the claims alleged in the complaint are aimed at Solid Rock Roofing & Renovations, L.L.C., d/b/a Solid Rock Custom Homes ("SRCH"). SRCB also argues that allowing Plaintiff leave to amend would be futile. For the reasons set forth below, SRCB's Motion to Dismiss is GRANTED in part and DENIED in part.

**I.   Background**

Plaintiff filed its Complaint on July 19, 2023, against four named Defendants, Solid Rock Roofing & Renovations, L.L.C., d/b/a Solid Rock Custom Homes; Solid Rock Custom Builds, L.L.C.; Matt Wagner, individually, and Dawn Wagner, individually. (Docket No. 2). Plaintiff alleges the following claims of action in its Complaint: (1) negligence, (2) negligent injury to property, (3) breach of contract, (4) violation of construction trust fund statutes, (5) conversion,

1

(6) slander of title and quite title, (7) unjust enrichment, and (8) accounting. *Id.* On August 30, 2023, Defendants Matt Wagner and Dawn Wagner filed separate Motions to Dismiss for Failure to State a Claim. (Docket Nos. 11 & 12). Plaintiff did not respond to the Wagner's Motions to Dismiss but did file a Notice of Dismissal as to Matt Wagner and Dawn Wagner on September 12, 2023. (Docket No. 15).

On September 18, 2023, Defendant SRCB filed the instant Motion to Dismiss, arguing that all of Plaintiff's claims of actions as alleged in the Complaint are specifically directed at SRCH or its non-party and non-named subcontractors. (Docket No. 17 at 3). Based on this, SRCB argues that Plaintiff has failed to state or plead any claims against SRCB as required by Federal Rule of Civil Procedure 8(a)(2).

**II.    Analysis**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard that held to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id.* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the

2

line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247 (quotation omitted). Courts are to always construe the allegations of a Complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the [complaint] which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (quotation omitted).

As Defendant argues, Plaintiff's complaint is devoid of allegations against SRCB. All of the facts associated with each count only involve SRCH or its subcontractors, or as in the case of Count Six, SRCH's contractor Mathew Bowman. (*See* Docket No. 2, 4-9). There are no allegations contained in the Complaint that SRCB was in anyway affiliated with SRCH, was one of its subcontractors, was an agent or employee of SRCH, or was in anyway part of the contract under which this lawsuit derives. (*See* Docket No. 2). As drafted, Plaintiff has not given SRCB "fair notice as to what [P]laintiff's claim is and the grounds upon which it rests." *Moser v. Oklahoma*, 118 F. App'x 378, 380 (10th Cir. 2004) (unpublished) (quotation omitted).

In its Response to Defendant's Motion to Dismiss, Plaintiff provides further background into the relationship between SRCH and SRCB. (Docket No. 20 at 2). While this information is helpful to understand the relationship between the companies and the possible intermingling of their duties, Plaintiff did not allege this information in the Complaint. When bringing a cause of action against a Defendant, "the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2014) (citation omitted). There are exceptions to this restriction, however, none are applicable in this case.[1] As such, when reviewing a motion to dismiss, the court "is not to weigh potential evidence that the parties might present at trial, but to

---

[1] The three limited exceptions are: "(1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice[.]" *Gee*, 62 F.3d at 1186 (internal citations and quotations omitted).

3

assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (quotation omitted). Plaintiff's Complaint against SRCB fails to do this.

Plaintiff seeks leave to amend its Complaint and identify all claims with more specificity. The Federal Rules of Civil Procedure provide that the district court "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Accordingly, the Court will grant Plaintiff leave to amend its Complaint in order to clarify its claims against all Defendants and provide necessary information about the nature of relationship between the Defendants. Plaintiff's Amended Complaint is to be filed no later than January 24, 2024.

### III.   Conclusion

For the reasons set forth herein, IT IS THEREFORE ORDERED that Defendant Solid Rock Custom Builds, L.L.C.' s Motion to Dismiss (Docket No. 17) is hereby **GRANTED**; however, Plaintiff is **GRANTED** leave to file an Amended Complaint no later than January 24, 2024.

IT IS SO ORDERED this 11th day of January, 2024.

_____
D. Edward Snow
United States Magistrate Judge